IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

AARON JIMMIE URBAN,

      Petitioner,

v.                               Case No.: 2:23-cv-00710

STATE OF WEST VIRGINIA,

      Respondent.

## PROPOSED FINDINGS AND RECOMMENDATIONS

Petitioner Aaron Urban, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 2). Currently pending are the petition and an Application to Proceed Without Prepayment of Fees and Costs. (ECF Nos. 1, 2). This case is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and by standing order was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the following reasons, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **DENY** Urban's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, (ECF No. 2); **DENY,** as moot, the Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1); and **DISMISS** the case from the docket of the Court.

## I.   Relevant History

Urban is a West Virginia pre-trial detainee currently being held at the South Central Regional Jail. *See* https://apps.wv.gov/OIS/OffenderSearch/. Urban filed the

instant § 2241 petition on October 30, 2023. (ECF No. 2 at 8). In his petition, Urban challenges a criminal case pending against him in the Circuit Court of Kanawha County, West Virginia, having Case No. 23-M20F-00212. (*Id.* at 2). Urban alleges that he has been held in pre-trial detention without an arraignment since July 19, 2023. (*Id.* at 6). He seeks dismissal of the indictment against him, raising four grounds for its dismissal. First, Urban argues that the State has violated his right to a speedy trial. (*Id.* at 6). Second, he contends that his prosecution violates the Equal Protection Clause; he claims that the State has "refrained from prosecuting others for the exact same type of offenses." (*Id.*) Third, he alleges that his indictment violates the Vienna Convention on Diplomatic Relations, as he claims to have "demonstrated diplomatic status as a [sic] international dignitary and entered into a corporate aggregate under Title 22 Chapter 6 of the Vienna Convention." (*Id.*). Urban provides no factual allegations corroborating his status as a foreign diplomat. Finally, Urban asserts the defense of entrapment, stating that "law enforcement and prosecution coerced and enabled the crimes by allowing others to commit them against [him and his] family and provided instruments to commit the act." (*Id.* at 7). Urban has not filed any petitions in state court challenging his confinement. (*See id.* at 2–3).

A review of the docket sheet and some relevant filings from Case No. 23-M20F-00212 reveals that Urban was charged in a criminal complaint on February 15, 2023 with one count of armed robbery and one count of fleeing in a vehicle with reckless indifference, both in violation of West Virginia law.[1] On April 5, 2023, a Kanawha County

---

[1] A court may take judicial notice of public state court records. *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 397 (4th Cir. 2006); *Carter v. Florence Cnty. Det. Ctr.*, No. 821CV02963JFAJDA, 2021 WL 5890983, at *1 n.1 (D.S.C., Oct. 28, 2021), *report and recommendation adopted*, No. 821CV02963JFAJDA, 2021 WL 5890986 (D.S.C., Nov. 29, 2021).

grand jury returned a six-count indictment against Urban, charging him with first degree robbery, use of a firearm during the commission of a felony, fleeing with reckless indifference to the safety of others, child neglect creating a substantial risk of serious bodily injury or death, and prohibited person in possession of a firearm. *West Virginia v. Urban,* Case No. 23-F-139 (Cir. C. Kan. Cty. Apr. 5, 2023), at Doc. 3. A capias for Urban's arrest was issued on May 8, 2023 and was returned on July 12, 2023. *Id.,* at Docs. 13, 14. The matter was set for an arraignment on July 19, 2023; however, after the hearing began, concerns about Urban's competency resulted in a continuance of the arraignment to allow Urban's counsel an opportunity to consult with Urban. *Id.,* at Docs. 21-22. Nevertheless, the Circuit Court of Kanawha County set a cash bond of $25,000 with terms and conditions, stating that Urban could be released to the supervision of the Kanawha County Home Confinement Department upon the posting of his bond. *Id.* Three days later, on Urban's motion, the Circuit Court granted a request for a psychological evaluation to determine Urban's competency. *Id.,* at Doc. 27. According to the docket sheet, the psychological evaluation was not performed until after Urban filed his petition herein, and he currently has a *pro se* motion to dismiss the indictment pending in the state court. *Id.,* at Docs. 33, 34,

## II.   **Standard of Review**

Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts states that the rules applying to § 2254 proceedings may be applied to any habeas corpus petition, including petitions under 28 U.S.C. § 2241. Rule 4 requires a judge to conduct a preliminary review of the petition. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the Clerk to notify the petitioner." *See* Rule 4,

Rules Governing Section 2254 Cases in the United States District Courts. Urban has filed his petition *pro se*, and courts are required to liberally construe *pro se* pleadings. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the petition is subject to dismissal if it fails to state a cognizable claim, states claims over which this Court lacks jurisdiction, or fails to overcome relevant gatekeeping provisions.

## III.    <u>Discussion</u>

While habeas petitions by persons in state custody are typically brought under 28 U.S.C. § 2254, Urban's claims are properly raised under 28 U.S.C. § 2241, because he is a pre-trial detainee. *See Saunders v. Ames*, No. CV 2:21-00102, 2021 WL 5225793, at *7 (S.D.W. Va. Sept. 17, 2021), *report and recommendation adopted* No. 2:21-CV-00102, 2021 WL 5230993 (S.D.W. Va. Nov. 9, 2021) (explaining that 28 U.S.C. § 2254 only applies to state prisoners in custody pursuant to a judgment of conviction, meaning pre-trial detainees seeking to challenge their confinement must do so under 28 U.S.C. § 2241); *Richardson v. Thompson*, No. 4:15-2638-RBH-TER, 2015 WL 7422709, at *3 (D.S.C. Sept. 30, 2015), *report and recommendation adopted*, No. CV 4:15-2638-RBH, 2015 WL 7428567 (D.S.C. Nov. 20, 2015), *aff'd*, 635 F. App'x 94 (4th Cir. 2016) (explaining the same). 28 U.S.C. § 2241 permits a person in state or federal custody to challenge their confinement for violating the United States Constitution, federal laws, or treaties. Urban's petition raises four grounds challenging his pre-trial detention, asserting that he has been denied the right to a speedy trial, that his indictment violates the Equal Protection Clause and the Vienna Convention, and that his charges were the result of entrapment.

Three of these four grounds may properly be raised in a federal habeas petition, as the Sixth Amendment right to a speedy trial, the Fourteenth Amendment's Equal Protection Clause, and the Vienna Convention all fall within the ambit of § 2241. But the

fourth ground Urban raises—the entrapment defense—cannot properly be raised in a federal habeas petition. Urban labels the entrapment defense as a violation of his Fifth Amendment right to due process. (ECF No. 2 at 7). However, no court has held that the entrapment defense is derived from a federal constitutional right. To the contrary, the Supreme Court of the United States held that entrapment has no constitutional dimensions, *United States v. Russell*, 411 U.S. 423 (1973) (holding that entrapment did not violate the Constitution), and lower federal courts have determined that entrapment cannot form the basis for a federal habeas petition. *See Stobaugh v. Wood*, 107 F.3d 17 (9th Cir.1997); *U. S. ex rel. Hall v. People of State of Ill.*, 329 F.2d 354, 360 (7th Cir. 1964); *Mayfield v. Morris*, No. 17-CV-0891 MV/SMV, 2020 WL 967850, at *4 (D.N.M., Feb. 28, 2020), *report and recommendation adopted*, No. 17-CV-0891 MV/SMV, 2020 WL 1852932 (D.N.M., Apr. 13, 2020) ("Petitioner cannot turn his state-law claim regarding the defense of entrapment into a cognizable federal-habeas claim by labeling it 'due process.'"). *But see Reves v. Kelly*, No. 4:16-CV-4020, 2017 WL 925010, at *2 (W.D. Ark., Feb. 8, 2017), *report and recommendation adopted*, No. 4:16-CV-04020, 2017 WL 924479 (W.D. Ark., Mar. 8, 2017) (noting that, in very limited circumstances, entrapment may be part of such extremely outrageous government conduct as to deprive the defendant of due process, forming a colorable federal habeas claim). Entrapment is a defense recognized by West Virginia law, *see State v. Houston*, 197 W. Va. 215, 222 (1996), but, because entrapment itself is not a violation of any federal constitutional right or any other federal law or treaty, it may not be raised in a federal habeas petition. Therefore, the undersigned **FINDS** that Urban's fourth ground for relief, which is based on entrapment, is not cognizable in this § 2241 petition; therefore, the Court lacks jurisdiction over the claim.

While this Court possesses jurisdiction to review the other three grounds in Urban's petition, the *Younger* abstention doctrine precludes habeas relief in this case. In *Younger v. Harris*, the Supreme Court held that a federal court may not enjoin a pending state prosecution unless the prosecution poses a threat of great, immediate irreparable harm to the defendant's constitutional rights. 401 U.S. 37, 46 (1971). As the Fourth Circuit has explained:

> *Younger* held that federal courts may not enjoin a pending state criminal prosecution, absent a clear showing that defense of the ... prosecution will not assure adequate vindication of constitutional rights. What lies behind *Younger*, of course, is a broader rule of comity: namely, that federal courts should abstain from the decision of constitutional challenges to state action, however meritorious the complaint may be, whenever [the] federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests.

*Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 52 (4th Cir.1989) (internal quotations omitted). "It is widely accepted that a defendant in a state criminal trial has an adequate remedy outside of federal proceedings because he can litigate constitutional claims in defense of the state prosecution." *Scott v. Dir. of Sheriff Al Cannon Det. Ctr.,* No. 3:23-CV-02800-DCC, 2023 WL 8455257, at *1 (D.S.C. Dec. 6, 2023) (citing *See Nivens v. Gilchrist*, 444 F.3d 237, 241 (4th Cir. 2006)). Because Urban seeks to enjoin a pending state prosecution through his instant petition, seeking dismissal of his charges, *Younger* abstention applies, and this Court may not hear his claims. As a result of the *Younger* abstention doctrine, federal habeas relief for pre-trial detainees in state custody is extremely limited.

The *Younger* decision contemplated a few scenarios where a defendant in ongoing state criminal proceedings might be heard in federal court, including (1) upon a showing of bad faith or harassment by the prosecution, (2) if the state criminal statute to be applied

was flagrantly unconstitutional, or (3) if other extraordinary circumstances risked irreparable injury. 401 U.S. at 54–55; *see Kugler v. Helfant*, 421 U.S. 117, 124 (1975) (restating the same exceptions). The bottom line is, a federal court may only intervene if truly extraordinary circumstances suggest the state court will not be able to adequately protect the rights of the defendant. *See Kugler*, 421 U.S. at 124 ("Only if 'extraordinary circumstances' render the state court incapable of fairly and fully adjudicating the federal issues before it, can there be any relaxation of the deference to be accorded to the state criminal process.").

Ultimately, the three remaining grounds raised in Urban's petition are defenses to prosecution that may be raised in the state court, and Urban has not demonstrated any extraordinary circumstance that would warrant federal intervention. The first ground raised in Urban's petition is a speedy trial claim. In rare circumstances, a pre-trial detainee in state custody may raise his right to a speedy trial in a federal habeas petition, to force the state to promptly bring him to trial. *See Braden v. 30th Jud. Cir. Ct. of Kentucky,* 410 U.S. 484, 489 (1973) (holding that pre-trial detainee in state custody could bring federal habeas petition where his requested relief was to be brought to trial and where he had exhausted all available state remedies). But a petitioner may not raise his right to a speedy trial as a defense to prosecution and ask the federal court to dismiss the pending charges against him. *Id.* at 493 ("[N]othing we have said would permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court."); *also Gaskins v. Stegall*, No. 3:23-CV-00427-MR, 2023 WL 7312501, at *3 (W.D.N.C. Nov. 6, 2023) ("Moreover, to the extent that the Petitioner seeks the dismissal of her pending criminal charges, such relief is not available by way of § 2241.") (citations omitted).

Where, as here, the speedy trial right is asserted as a defense, the state court proceedings will afford the petitioner an adequate opportunity to raise his claim, and federal intervention is inappropriate. The same reasoning applies to Urban's Equal Protection and Vienna Convention claims, which may also be raised in state court. In a letter to this Court, Urban made some conclusory allegations of bad faith and harassment, claiming that he has suffered "years of mental anguishment [sic]" at the hands of "corrupt state and county officials." (ECF No. 4 at 1). But these non-specific allegations of bad faith are not sufficient to overcome the significant interest in preserving the independence of the state judiciary. *See Brunson v. N. Carolina Dep't of Soc. Servs.*, No. 5:09-CT-3063-FL, 2010 WL 3239030, at *5 (E.D.N.C., Aug. 13, 2010); *Dostert v. Neely*, 498 F. Supp. 1144, 1150 (S.D.W. Va. 1980). Taking judicial notice of the fact that the state court ordered a competency evaluation in Urban's pending criminal case, it is clear that Urban's criminal proceedings have been delayed by concerns over his competency to stand trial. Once the competency issue is resolved, there is no reason to believe that Urban and his counsel will be denied an adequate opportunity to present his defenses to the state court. Urban's petition does not plausibly allege bad faith, harassment, or any other extraordinary circumstances that would permit this Court to disrupt the pending state court proceedings. (ECF No. 2 at 6–7). Accordingly, the undersigned **FINDS** that this Court must abstain from hearing Urban's claims, and his petition must be dismissed.

## IV.   <u>Proposal and Recommendations</u>

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the District Court accept and adopt the findings proposed herein and **RECOMMENDS** that Urban's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 2) be **DENIED;** the Application to Proceed Without Prepayment of Fees and Costs, (ECF

No. 1), be **DENIED** as moot; and that this civil action be **DISMISSED** and removed from the docket of this Court.

Petitioner is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Goodwin, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner.

**FILED**:  December 12, 2023

Cheryl A. Eifert
United States Magistrate Judge

9