IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

AARON JIMMIE URBAN,

        Petitioner,

v.                            CIVIL ACTION NO.   2:23-cv-00710

STATE OF WEST VIRGINIA,

        Respondent.

## MEMORANDUM OPINION AND ORDER

Pending before the court are Petitioner Aaron Urban's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, [ECF No. 2]; Petitioner's Application to Proceed Without Prepayment of Fees and Costs, [ECF No. 1]; and Petitioner's Letter Form Motion requesting a hearing on his habeas petition, [ECF No. 14].

Pursuant to 28 U.S.C. § 636(b)(1)(B) and a Standing Order, this civil case, including the above motions, was referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, for proposed findings of fact and recommendations for disposition. On December 12, 2023, Judge Eifert submitted proposed findings and recommended that this court deny Petitioner's petition for a writ of habeas corpus, deny as moot the application to proceed without prepayment and costs, and dismiss this case from the court's docket. Petitioner timely filed three sets of objections to the proposed findings and recommendations ("PF&R"), on December 18, 2023, [ECF No.

6], December 21, 2023, [ECF No. 7], and December 26, 2023, [ECF No. 8], respectively. The court has reviewed *de novo* those portions of the PF&R to which the plaintiff objects. For the reasons set forth below, the court **ADOPTS** the Magistrate Judge's proposed findings. Mr. Urban's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, [ECF No. 2], is **DENIED**. Mr. Urban's Application to Proceed Without Prepayment of Fees and Costs, [ECF No. 1], and his Letter Form Motion requesting a hearing on his habeas petition, [ECF No. 14], are **DENIED as moot**. Accordingly, the case is **DISMISSED** from the docket of the court.

## I.  Background

Mr. Urban has been in pre-trial detention at the South Central Regional Jail since July 12, 2023. He filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on October 30, 2023. [ECF No. 2, at 8]. In his petition, Mr. Urban challenges a criminal case pending against him in the Circuit Court of Kanawha County, West Virginia. He argues for the dismissal of the indictment against him on four grounds. First, he argues that his right to a speedy trial has been violated. *Id.* at 6. Second, he alleges that his prosecution violates the Equal Protection Clause because he is aware of instances in which others have not been prosecuted for the same offenses with which he is charged. *Id.* Third, Mr. Urban contends that he has "demonstrated Diplomatic status" and, because of this, his indictment violates the Vienna Convention on Diplomatic Relations.[1]  *Id.* Last, Mr. Urban asserts the defense of entrapment as a basis for the dismissal of the indictment against him. *Id.* at 7.

---

[1] Mr. Urban provides no factual basis for his claimed "diplomatic status." While not a specific objection

On April 5, 2023, a Kanawha County grand jury returned a six-count indictment against Mr. Urban, charging him with first degree robbery, use of a firearm in the commission of a felony, fleeing with reckless indifference to the safety of others, child neglect creating a substantial risk of serious bodily injury or death, and being a prohibited person in possession of a firearm. *West Virginia v. Urban*, Case No. 23-F-139 (Cir. Ct. Kanawha Cnty. Apr. 5, 2023), at Doc. 3. Mr. Urban's arraignment was set for July 19, 2023, but concerns about his competency to stand trial arose, resulting in a continuance to allow for Mr. Urban's counsel to consult with him. *Id.* at Docs. 21–22. The circuit court set a cash bond of $25,000 and stated that he could be released to the supervision of the Kanawha County Home Confinement Department upon the posting of his bond. *Id.* Three days later, the circuit court granted Mr. Urban's motion requesting a psychological evaluation to determine his competency. *Id.* at Doc. 27. According to the docket sheet in his pending state criminal case, the psychological evaluation was not performed until after the instant petition for a writ of habeas corpus was filed. Mr. Urban also currently has a *pro se* motion to dismiss the indictment against him in that case. *Id.* at Doc. 34.

---

to the Proposed Findings and Recommendations ("PF&R"), Mr. Urban does assert his diplomatic status again in his second set of objections, titled "Other Objections to Proposed Findings and Recommendations," [ECF No. 7]. In this filing, Mr. Urban contends that he is protected under Title 22 Chapter 6 of the Vienna Convention because he is "listed online as a Constituent to several high ranking government officials in the executive branch of government who are members of the U.N." [ECF No. 7, at 2].

## II.    Legal Standard

When a Magistrate Judge issues a recommendation on a dispositive matter, a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see* Fed. R. Civ. P. 72(b)(3). In reviewing those portions of the PF&R to which Mr. Urban has objected, I will consider the fact that Mr. Urban is acting pro se and will accord his pleadings liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978). This court is not, however, required to review—under a de novo or any other standard—the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

## III.    Discussion

In his three sets of objections, [ECF Nos. 6, 7, 8], Mr. Urban raises several specific objections to Judge Eifert's findings in the PF&R. I will address each specific objection in turn. Upon *de novo* review, I agree with Judge Eifert's factual findings.

### A.  Factual Objections

First, Mr. Urban alleges that his instant § 2241 petition was filed on October 21, 2023, rather than October 30, 2023, as is indicated in the PF&R. [ECF No. 6, at 1]. A review of his § 2241 petition reveals that the petition was placed in the prison mail system on October 30, 2023. [ECF No. 2, at 8]. Therefore, it is not possible that

the date of filing preceded this date. Moreover, this fact is not dispositive to his petition. This objection is **overruled.**

Next, Mr. Urban objects to Judge Eifert's finding that he has offered no corroboration of his status as a foreign diplomat, [ECF No. 5, at 2], on the grounds that he has "never claimed to be a 'Foreign Diplomat'," but rather has "[Demonstrated] Diplomatic status." [ECF No. 6, at 1]. Regardless of the terminology used, Mr. Urban's Vienna Convention Claim—which I will address later—is based on his alleged status as a diplomat. Mr. Urban's objection to Judge Eifert's usage of the term "foreign diplomat" is **overruled.**

Finally, Mr. Urban raises three factual objections to Judge Eifert's findings regarding the delay of his state criminal proceedings. *Id.* at 2; [ECF No. 8, at 1]. First, Mr. Urban disagrees with Judge Eifert's finding that the state case has been delayed due to concerns about his competency to stand trial. [ECF No. 6, at 2 (citing [ECF No. 5, at 8 ("[I]t is clear that Urban's criminal proceedings have been delayed by concerns over his competency to stand trial.")])]. Specifically, Mr. Urban states that he doesn't believe these to be findings "because [he] assume[s] nothing was looked for to conclude such." *Id.* He also disagrees with Judge Eifert's finding that he requested the psychological evaluation ordered by the circuit court. [ECF No. 8, at 1]. Mr. Urban lastly objects to Judge Eifert's factual finding that the psychological evaluation was conducted before he filed the instant petition. *Id.* at 2.

A review of the docket sheet in Mr. Urban's pending state criminal case plainly reveals that his criminal case has been delayed due to concerns about his competency.

*See Urban*, No. 23-F-139, at Docs. 18–38. On July 21, 2023, Mr. Urban's attorney filed a motion for a psychological evaluation. *Id.* at Doc. 18. On July 27, 2023, the circuit court ordered a forensic examination of Mr. Urban to determine his competency and criminal responsibility. *Id.* at Doc. 27. This examination was completed on or about November 6, 2023. *Id.* at Doc. 33 (sealing the report from the psychological evaluation dated November 6, 2023). After the first evaluation was completed, the court ordered a supplemental psychological evaluation on November 28, 2023. *Id.* at Doc. 38.

It is clear to me that any delay in Mr. Urban's criminal case has been a result of the circuit court's attempts to determine his competency to stand trial. Furthermore, it is evident from the docket sheet in that case that Mr. Urban, through his attorney, moved for the completion of a psychological evaluation. Finally, the docket sheet makes clear that the evaluation took place on or about November 6, 2023, several days after Urban's petition was placed in the prison mail system on October 30, 2023, and filed with the court on November 2, 2023. *Id.* at Doc. 33; [ECF No. 2, at 8]. Therefore, his objections to Judge Eifert's findings regarding the reason for the delay in his criminal case, [ECF No. 6, at 2], his request for a psychological evaluation, [ECF No. 8, at 1], and the date on which the psychological evaluation took place, *id.* at 2, are **overruled.**

### B. *Vienna Convention Objections*

Next, Mr. Urban objects to Judge Eifert's finding that federal intervention is inappropriate because the state court proceedings will afford him an adequate opportunity to raise his Vienna Convention claim. [ECF No. 7, at 1–2]. He argues

that his Vienna Convention claim cannot be made in state court because "common courts abstain all together [sic] in cases involving protocol to treaties." *Id.* at 1.

28 U.S.C. § 2241 permits a pre-trial detainee in federal or state custody to challenge their confinement by arguing that their detainment is in violation of the United States Constitution, federal laws, or treaties. While Mr. Urban's Vienna Convention claim falls within the scope of § 2241, the *Younger* abstention doctrine precludes federal intervention in this case. *See Younger v. Harris*, 401 U.S. 37 (1971). In *Younger*, the Supreme Court held that a federal court may only enjoin a pending state prosecution where it poses a threat of great, immediate, and irreparable harm to the defendant's constitutional rights. 401 U.S. at 46. Under the *Younger* doctrine, federal courts "should abstain from the decision of constitutional challenges to state action, however meritorious the complaint may be, whenever [the] federal claims . . . could be presented in ongoing state judicial proceedings that concern important state interests." *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 52 (4th Cir. 1989) (alteration in original) (quoting *Haw. Hous. Auth. v. Midkiff*, 467 U.S. 229, 237–38 (1984)). This is because the state criminal defendant "has an adequate remedy *outside* federal proceedings" because he can assert his constitutional claims as defenses in his state criminal case. *Scott v. Dir. of Sheriff Al Cannon Det. Ctr.*, No. 3:23-CV-02800-DCC, 2023 WL 8455257, at *1 (D.S.C. Dec 6, 2023) (emphasis added) (citing *Nivens v. Gilchrist*, 444 F.3d 237, 241 (4th Cir. 2006)).

Here, Mr. Urban asks this court to enjoin his state criminal prosecution on the basis that he is exempt from prosecution due to his "demonstrated Diplomatic Status"

under the Vienna Convention. [ECF No. 2, at 6–7]. The Vienna Convention on Diplomatic Relations provides nearly absolute immunity from criminal prosecution to diplomats stationed abroad. *Tabion v. Mufti*, 73 F.3d 535, 536 (4th Cir. 1996) (citing the Diplomatic Relations Act, 22 U.S.C. §§ 251–59, which made the Vienna Convention applicable in the United States). Without expressing any opinion as to the likelihood of success of Mr. Urban's diplomatic immunity claim, it is clear that this claim may be properly raised as a defense to his criminal prosecution in state court. *See Friend El v. Kimbrough*, No. 1:22CV195, 2022 WL 21827437, at *1 (M.D.N.C. Mar. 24, 2022) (stating that a claim for diplomatic immunity can be raised as a defense to a state court criminal prosecution and is therefore inappropriately asserted in federal court as part of a habeas petition absent extreme circumstances), *report and recommendation adopted sub nom. El v. Kimbrough*, 1:22CV195, 2022 WL 21827474 (M.D.N.C. Sept. 21, 2022). Because the argument that he is shielded from prosecution under the Vienna Convention can be adequately raised as a defense to his prosecution in state criminal court, the *Younger* abstention doctrine precludes this court from hearing this claim. Thus, Mr. Urban's objection to the PF&R—namely, that he is unable to assert his Vienna Convention claim in state court because it arises under federal law—is **overruled.**

### B. Review of Portions of PF&R to which the Plaintiff Did Not Object

When a party fails to object to a portion of a Magistrate Judge's report, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.

1983); *Campbell v. United States D. Ct. for N.D. of Cal.*, 501 F.2d 196, 206 (9th Cir. 1974). The court has reviewed those portions of the PF&R to which the Plaintiff did not object and finds no clear error on the face of the record. Thus, as I have overruled each of Mr. Urban's specific objections to the PF&R, the court adopts and incorporates herein the PF&R and orders judgment consistent therewith.

## IV. Conclusion

For the foregoing reasons, the court **ADOPTS** Judge Eifert's PF&R, [ECF No. 5]; **DENIES** Mr. Urban's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, [ECF No. 2]; **DENIES as moot** the Application to Proceed Without Prepayment of Fees and Costs, [ECF No. 1]; and **DISMISSES** this matter from the court's docket. Accordingly, Petitioner's Letter Form Motion requesting a hearing on his habeas petition is **DENIED as moot.**

I have also considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683–84 (4th Cir. 2001). I conclude that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:     May 16, 2024

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE